UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY KEITH, and
YOLANDA E. KEITH,

        Plaintiffs,

v.

COUNTYWIDE HOME LOANS, INC.,
MORTGAGE ONE, INC.,
TROTT AND TROTT, P.C. and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

        Defendants.
_____/

CIVIL ACTION NO. 08-13398

DISTRICT JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendants' Motion for Summary Judgment should be GRANTED, and the instant Amended Complaint seeking to set aside a home foreclosure DISMISSED, as Plaintiffs failed to demonstrate fraud and irregularity in the foreclosure sale of their residence.

\* \* \*

This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiffs, proceeding <u>pro se</u>, filed an Amended Complaint on December 3, 2008, seeking to set aside a bank foreclosure of their single family residence in Belleville, Michigan. On May 27, 2004, Plaintiffs borrowed $229,491.00 from, and gave a mortgage on their home to, Defendant Mortgage One, Incorporated (See Exhibit B, attached to Defendants' Motion for Summary Judgment). The mortgage was assigned on June 24, 2004 to Defendant Mortgage Electronic Registration Systems, Inc., ("MERS") who became

the mortgagee (Exhibit C). The mortgage loan was serviced by Defendant Countrywide Home Loans. After the loan went into default, MERS commenced foreclosure proceedings.

On January 10, 2008, Plaintiffs' real estate was sold at a foreclosure sale conducted by the Washtenaw County Sheriff's Department, and a sheriff's deed was issued to MERS and duly recorded (Exhibit D). Plaintiffs allowed the statutory six month mortgage redemption period to expire. Title vested in MERS and its assigns as a matter of law following the expiration of the redemption period.

Plaintiffs filed the instant Amended Complaint seeking to set aside the foreclosure sale of their residence. Plaintiff alleged that Defendants violated their rights under the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), and Michigan's Uniform Securities Act. They also asserted pendent state law claims of common law fraud and breach of contract. Plaintiffs sought monetary damages only.

Defendants filed a Motion for Summary Judgment on January 29, 2009, asserting that Plaintiffs had failed to state a claim for which relief can be granted. Defendants assert that all TILA claims were time barred, and that the FDCPA claim against Defendant Trott and Trott, should be dismissed since the law firm was not a "debt collector", as that term is defined by statute. Defendants maintain that the foreclosure process was properly carried out and should not be disturbed by this Court. Plaintiffs filed a response to Defendants' Motion for Summary Judgment on February 23, 2009, claiming that the "Dunning Letter" they received from Defendant Trott and Trott, notifying them that the law firm was attempting to collect the outstanding mortgage debt, contained confusing phrases and ambiguities in violation of the FDCPA.

STATUTE OF LIMITATIONS ON TILA CLAIMS

The statute of limitations for all TILA claims is three years from the date of the consummation of the transaction. 15 U.S.C. §1635(f).  Plaintiffs mortgage originated on May 27, 2004 (Exhibit B), but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired.  As a result, Defendants are entitled to summary disposition on all TILA claims in the Amended Complaint.

FDCPA CLAIM AGAINST DEBT COLLECTOR

The Amended Complaint alleges a violation of the FDCPA against Defendant Trott and Trott. Plaintiffs asserted in the pleading that they did not receive a "Dunning Letter" from the law firm informing them that they were attempting to collect a debt.  Plaintiffs further stated that the law firm never notified them that they had 30 days to dispute the debt in violation of  sections 1692(g) and 1693g(a)(3) of the FDCPA.  (See paragraph 27 of Amended Complaint).  In their response to Defendants' Motion for Summary Judgment, however, Plaintiffs acknowledged receiving the "Dunning Letter" from the law firm.  They now claim that the notification contained confusing phrases and ambiguities (See page 3 of Plaintiffs Response at Docket #15).

"It is well settled that  courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor." Savage v. Hatcher, 109 F.Appx 759, 762 (6th Cir. 2004); see also Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1029 (6th Cir. 1992)(affirming district court's grant of summary judgment to debt collector where debt collector's letter "clearly satisfied 15 U.S.C. 1692g(a)(3), even under the least sophisticated consumer standard.").

**3**

In my view, the December 10, 2007 letter sent by Defendant Trott and Trott (attached to Defendants' Motion for Summary Judgment as Exhibit H) clearly and directly informed Plaintiffs of their rights, duties and obligations. Even under the "least sophisticated consumer test" for determining whether a debt collector's practice is deceptive, I am persuaded that the notification letter was not confusing or misleading. Plaintiffs make no claim that the letter contained inaccuracies concerning the indebtedness. Furthermore, Plaintiffs do not allege that they sent a correspondence to Trott and Trott expressing confusion or contesting the total debt in dispute. This suggests that the "Dunning Letter" was not confusing or ambiguous, as they now claim, but was simply ignored by them in an attempt to delay the foreclosure proceedings. Because they have failed to demonstrate that Defendant Trott and Trott violated sections 1692(g) and 1693g(a)(3) of the FDCPA, Plaintiffs claim against the law firm should be dismissed.

<u>PENDENT STATE LAW CLAIMS</u>

Plaintiffs' remaining claims in their Amended Complaint also lack merit and are subject to dismissal.  Contrary to Plaintiffs' assertion, Washtenaw County Deputy Sheriff Jimmy Moore was duly authorized to conduct the foreclosure sale of their real estate and issue a Sheriff's Deed (See Letter of Appointment issued by the Washtenaw County Clerk, attached to Defendants' Motion for Summary Judgement as Exhibit G). Since Defendants complied with all mortgage and statutory requirements regarding notice, publication and posting prior to the foreclosure sale, there in no merit to Plaintiffs allegations of fraud and irregularity required to prove violations of Michigan's Uniform Security Act. Given Plaintiffs' lack of evidence to support their allegations of improper activity on the part of Defendants, there is no basis in law for recision of the mortgage foreclosure sale, or for an award of

monetary damages. Accordingly, Defendants' Motion for Summary Judgment should be granted and the instant Amended Complaint dismissed.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                                s/Donald A. Scheer  
                                                DONALD A. SCHEER  
                                                UNITED STATES MAGISTRATE JUDGE

DATED: April 29, 2009

---

### CERTIFICATE OF SERVICE

I hereby certify on April 29, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 29, 2009: **Gregory and Yolanda Keith.**

                                                s/Michael E. Lang  
                                                Deputy Clerk to  
                                                Magistrate Judge Donald A. Scheer  
                                                (313) 234-5217